## DETERMINED IN THE

# THIRD DEPARTMENT,

### AT

# GENERAL TERM,

## March,* 1887.

---

MARY K. VADNEY, Appellant, v. DAVID A. THOMPSON AND LEWIS W. VADNEY, as Executors, etc., of JOSEPH H. VADNEY, Deceased, and Others, Respondents.

*Action for dower — a general verdict for or against the plaintiff should be rendered therein.*

In this action, brought by the plaintiff to recover dower in the lands of her deceased husband, some of the defendants admitted the marriage and the death of the testator, and denied all the other allegations of the complaint, while others, in addition thereto, averred ownership in themselves, severally, of the premises in which the dower was claimed. Upon the trial the principal question in dispute was as to the ownership of the premises by the testator during the marriage, and the only question submitted to the jury was whether certain deeds, in which the testator was named as grantee, were delivered to him unconditionally, to which the jury answered, "yes."

*Held,* that as this was neither a general nor a special verdict, and as it did not, when taken in connection with the facts admitted by the pleading, establish that the plaintiff was entitled to dower, it should be set aside.

APPEAL from an -order, made at the Albany Circuit, setting aside a verdict, as against the weight of evidence, and awarding a new trial on a motion made upon the minutes of the justice presiding at the trial.

*Alden Chester,* for the appellant.

*Eugene Burlingame,* for the respondents.

---

* Adjourned from February term to March 8, 1887.

LEARNED, P. J.:

This is is an appeal from an order setting aside a verdict as against the evidence. Whatever the merits of the case, we do not think this verdict can stand. This is an action for dower; therefore triable by a jury, unless a jury trial be waived. (Code, § 968.) Such trial was not waived, and the case was tried before a jury.

The answer of some defendants admits the marriage and the death of the testator, and denies all other allegations. That of other defendants, in addition, avers ownership in themselves severally of the premises in which dower is claimed. Thus the principal dispute was as to the ownership by the testator of the premises during the marriage.

The only question submitted to the jury was, whether certain deeds, in which the testator was grantee, were delivered to him unconditionally. To this they answered, "Yes." This was neither a general, nor a special, verdict. (Code, § 1186.) They did not find that the plaintiff was entitled to dower; nor did they find that the testator was seized of an estate of inheritance in the premises during the marriage. They passed only upon one fact, which bore upon the issue, and which probably was controlling. But if we take the facts admitted in the pleadings, and add to those facts the fact found by the jury, we cannot, from these alone, decide whether plaintiff is entitled to dower or not. Nothing is said in the pleadings about these deeds. There should have been a general verdict for or against the plaintiff. Or if, as it would seem, no fact but the testator's ownership was in issue, then, perhaps, there might have been a finding that the testator was, or was not, seized of an estate of inheritance in the premises during the marriage. The case seems to have been submitted to the jury as if the case were triable by the court, and the court were afterwards to make such other findings as might be necessary. (Code, § 971.) But on that verdict it would not appear that the plaintiff was entitled to dower. (Code, § 1607.)

Neither party seems to have objected to the course which was taken. We think it best, therefore, simply to affirm the order, without costs to either party on the appeal.

LANDON and MAYHAM, JJ., concurred.

Order affirmed, without costs to either party on appeal.